ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 JUN 30 P 4: 47
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ELMER SALVADOR RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-082 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility[1] ("McRae") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting, among other things, the execution of his sentence of confinement. Respondent has filed his response to the petition. (Doc. no. 8.) Petitioner also filed a reply brief. (Doc. no. 10.) For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner is serving a sentence of 188 months of incarceration for possession of a controlled substance with the intent to distribute, and aiding and abetting. (Doc. no. 8, pp. 1-2.) He is scheduled for release on February 22, 2011, via good conduct time release. (Id.) Petitioner filed this § 2241 petition contending that he has impermissibly been deprived of

---

[1] McRae is a private correctional facility operated by the Corrections Corporation of America ("CCA") under contract with the Bureau of Prisons.

twenty-seven (27) days of good conduct time ("GCT"), after being found guilty by a disciplinary hearing officer ("DHO") of participating in a group demonstration that consisted of boycotting three specific meals served at McRae, in violation of prison regulations. (See generally doc. no. 1.) Petitioner claims in his petition that the disciplinary procedures violated his due process rights because he was denied the opportunity to present documentary evidence when his request for the meal monitoring data was denied, and because there was no evidence that he committed the act as charged in the incident report. (See id. at 2-3.) Petitioner also attempts to assert various causes of action under the Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Person's Act, the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause and the Establishment Clause of the First Amendment, and the Eighth Amendment. (See id. at 11-27.) As relief, Petitioner requests restoration of the 27 days of GCT and expungement of the disciplinary report from his record. (Id. at 27.)

Importantly, in describing his efforts to exhaust his administrative remedies, Petitioner notes that he mailed his "BP-11 appeal" to the Central Office on July 30, 2009, but that the appeal was returned because he had not submitted a complete set of forms. (Doc. no. 1, p. 3.) Petitioner states that he was afforded fifteen (15) days in which to resubmit his appeal. (Id.) Although Petitioner maintains that he resubmitted his appeal, his resubmitted appeal was rejected as untimely. (Id.)

The Court directed service to be effected on Respondent and instructed Respondent to show cause why Petitioner's writ should not be granted by filing a response within twenty (20) days of the date of service. (Doc. no. 3.) Respondent contends that Petitioner failed to

2

exhaust his administrative remedies concerning all of the allegations in his petition and thus the petition should be dismissed.[2] Respondent provides that the Bureau of Prisons ("BOP") has a four-level administrative remedy process. (Doc. no. 8, pp. 3-4 (citing 28 C.F.R. §§ 542.14 and 542.15).) Notably, inmates challenging hearings conducted by a DHO must appeal directly to the Regional Director and must bypass the institutional level administrative steps. (Id. (citing 28 C.F.R. § 542.14(d).) Respondent provides that Petitioner appealed the DHO's findings to the Regional Office, but because he had not submitted a complete set of forms, he was provided a 15-day extension from the date of the rejection notice to resubmit his appeal. The rejection notice was issued on June 5, 2009; therefore, Petitioner had until June 20, 2009, to resubmit his appeal. Petitioner did not resubmit his appeal until June 22, 2009. (Doc. no. 8, p. 6 and Ex. 1, ¶ 13, Attach. 4.) Because Petitioner's resubmitted appeal was received after June 20, 2009, it was rejected as untimely. (Id., ¶ 14, Attach. 4.) Therefore, Respondent maintains that Petitioner failed to exhaust his administrative remedies. The Court resolves the matter as follows.

## II. DISCUSSION

The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 92 (2006); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam). Moreover, mere perceived futility of exhaustion

---

[2] Although Petitioner filed a reply to Respondent's response, the reply only addresses the merits of his petition without addressing the exhaustion issue. (See doc. no. 10.)

3

does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. E.g., Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*) (stating that "the exhaustion requirement [in a prisoner civil rights case] cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile"); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (recognizing exhaustion requirement in relation to bringing § 2241 petition and noting any exception to exhaustion would apply only in "extraordinary circumstances"); cf. Jaimes v. United States, 168 F. App'x 356, 359 (11th Cir. 2006) (*per curiam*) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable").

Here, Petitioner has not alleged, let alone shown, either the existence of exceptional circumstances, or the futility of administrative review. Petitioner acknowledges that he appealed the DHO's decision to the Regional Office, but that the appeal was rejected because he had not submitted a complete set of forms. (Doc. no. 1.) Notably, however, Petitioner was afforded an extension of 15 days from the date of the rejection notice to resubmit his appeal in proper form. (Id.) Petitioner does not take issue with his appeal initially being rejected because he had failed to submit a complete set of forms. (Id.) He also does not contest that he was authorized to resubmit his appeal in proper form within 15-days of the June 5, 2009 rejection notice. (Id.) Petitioner simply contests that, contrary to the Administrative Remedy Coordinator's statement, he did timely resubmit his appeal. (Id.) The record reflects otherwise.

Respondent provided a copy of Petitioner's Administrative Remedy Generalized Retrieval which shows that Petitioner appealed the DHO's findings to the Regional Office,

4

but because he had not submitted a complete set of forms, he was provided a 15-day extension from the date of the rejection notice to resubmit his appeal. (Doc. no. 8, Ex. 1, Attach. 4.) The rejection notice was issued on June 5, 2009, therefore, Petitioner had until June 20, 2009, to resubmit his appeal. Petitioner did not resubmit his appeal until June 22, 2009. (Id.) Because Petitioner's resubmitted appeal was received after June 20, 2009, it was rejected as untimely. (Id.) Therefore, Petitioner did not timely file his resubmitted appeal.

In sum, Petitioner has not alleged, let alone met, the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62. Therefore, Petitioner failed to exhaust his administrative remedies as to all claims raised in his petition.[3]

---

[3] Even if Petitioner had exhausted his administrative remedies, which he did not, his attempts to raise various claims under the Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Person's Act, the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause and the Establishment Clause of the First Amendment, and the Eighth Amendment, in this § 2241 petition also fail. The crux of Petitioner's argument concerning these claims is that he, as well as other inmates, have a right to be provided with food "sufficient to sustain them in good health." (Doc. no. 1.) As such, Petitioner asserts that the Bureau of Prisons should prepare food in a manner that is consistent with the dictates of the Jewish and Muslim religions; in other words, the Bureau of Prisons should provide Kosher meals. (Id.) Notably, the sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979). "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id.

Here, however, the factual allegations raised in the remaining claims listed above challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint, but do not state cognizable grounds for relief in a § 2241 petition. Indeed, Petitioner concedes in his reply to Respondent's response that his current petition is not the proper vehicle to present his remaining claims. (Doc. no. 10, p. 2.) Accordingly, Petitioner's remaining claims should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DENIED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE